IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RICKY BARNARD JUSTICE, §
TDCJ #1811175, §
 §
　　　　Plaintiff, §
v. §
 §
WILLIAM STEPHENS, WARDEN §
HARRIS, CO McKINNEY, CO LeBEAU, § CIVIL ACTION NO. H-15-2845
CO CROFT, CAPTAIN BOLTON, SGT. §
WATSON, SGT. DAMIAN, CO FLACK, §
RN HENRY, UTMB GALVESTON, §
CO GIDEON, CO PARROT, MAJOR §
DICKENS, CO ADAMS, and WARDEN §
HUNTER, §
 §
　　　　Defendants. §

**ORDER OF PARTIAL DISMISSAL AND TRANSFER**

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. He is currently incarcerated at the Polunsky Unit, located in Livingston Texas, where substantially all of the alleged incidents at issue in this case occurred.

On May 4, 2016, noting that Plaintiff had alleged numerous claims against various parties at different prison units over the course of four years, the Court ordered that Plaintiff's Complaint, More Definite Statement, and first Motion to Amend be stricken from the record. *See* Docket Entry No. 22 at 3. The Court also ordered that Plaintiff file an amended complaint within thirty days, alleging a single set of related facts and circumstances arising from one incident or issue at one Texas Department of Criminal

Justice ("TDCJ") facility. Id.

On May 26, 2016, Plaintiff filed a motion for leave to amend and an amended complaint, explaining that all of the parties involved were at the Polunsky Unit when the events that give rise to this lawsuit occurred, with the exception of his knee surgery, which was performed in Galveston by unnamed doctors at the University of Texas Medical Branch ("UTMB"), and a claim against former TDCJ Director William Stephens in Huntsville, Texas. *See* Docket Entry No. 24 at 1 ¶ 2; Docket Entry No. 26 at 3, 8.

I. **Legal Standards**

    A. **Prison Litigation Reform Act**

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). The district court reviews a complaint in a civil action in which a prisoner seeks redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, a court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In conducting that analysis, a court reviews a prisoner's *pro se* pleading under a less stringent standard than those drafted by an attorney and construes it liberally, including all reasonable inferences which can be drawn from it. Haines v. Kerner, 92 S. Ct. 594, 595-96 (1972); Alexander v. Ware, 714 F.2d

416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 109 S. Ct. 1827, 1831-32 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999) (citing Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (quoting Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998)).

A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that a plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. Id. (citations omitted).

**B.    Eighth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. Estelle v. Gamble, 97 S. Ct. 285, 291 (1976). To state a claim for deliberate indifference, a plaintiff must plead facts to show that "the official knows of and disregards an

3

excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994); *see also* Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002); Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002).

Deliberate indifference is an "'extremely high standard to meet'" because it "requires a showing that the prison official 'knows of and disregards' the substantial risk of serious harm facing the inmate." Morgan v. Hubert, 459 F. App'x 321, 326 (5th Cir. 2012) (quoting Farmer, 114 S. Ct. at 1979). The Fifth Circuit, on rehearing *en banc*, recently reiterated that to "violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind . . . . that state of mind is one of 'deliberate indifference' to inmate health or safety.'" Williams v. Hampton, 797 F.3d 276 (5th Cir. July 28, 2015) (*en banc*) (holding that the prison guard's actions or omissions did not, as a matter of law, rise to the level of deliberate indifference).

To demonstrate deliberate indifference to his serious medical needs, a plaintiff must plead facts that indicate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or "engaged in any similar conduct that would evince a wanton disregard for any serious

4

medical need." Domino v. Tex. Dep't of Criminal Justice, 239 F.3d at 756 (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)). "[T]he 'failure to alleviate a significant risk that [the Defendants] should have perceived, but did not' is insufficient to show deliberate indifference." Domino, 239 F.3d at 756 (quoting Farmer, 114 S. Ct. at 1979). A violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's . . . safety." Whitley v. Albers, 106 S. Ct. 1078, 1084 (1986).

In other words, "deliberate indifference cannot be inferred merely from negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson v. Upshur County, Tex., 245 F.3d 447, 459 (5th Cir. 2001). Rather, "[i]t is the 'obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the [Eighth Amendment], whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" Bradley v. Puckett, 157 F.3d at 1025 (quoting Whitley, 106 S. Ct. at 1084). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997) (citing Estelle, 97 S. Ct. 285 at 291-92).

5

### C. Venue

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). <u>Davis v. Louisiana State Univ.</u>, 876 F.2d 412, 413 (5th Cir. 1989). The statute provides that civil cases not founded solely on diversity of citizenship must be brought in the judicial district where: (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) where any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). A federal district court may transfer claims, in the interest of justice, to another court in which the action might have been brought. <u>Balawajder v. Scott</u>, 160 F.3d 1066, 1067 (5th Cir. 1998).

## II. Discussion

### A. William Stephens

Personal involvement is an essential element of a civil rights cause of action in an individual capacity claim. *See* <u>Murphy v. Kellar</u>, 950 F.2d 290, 292 (5th Cir. 1992) (plaintiff bringing a section 1983 action must "specify the personal involvement of each defendant"). In that respect, section 1983 does not create vicarious or *respondeat superior* liability for the wrongdoing of others. *See* <u>Monell v. Dep't of Social Servs.</u>, 98 S. Ct. 2018, 2036-38 (1978) (holding that supervisory officials cannot be held vicariously liable for their subordinates' actions under section 1983); *see also* <u>Iqbal</u>, 129 S. Ct. at 1949 ("'[S]upervisory

liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.") (citation omitted); <u>Alton v. Texas A&M Univ.</u>, 168 F.3d 196, 200 (5th Cir. 1999) ("Supervisory officers . . . cannot be held liable under § 1983 for the actions of subordinates . . . on any theory of vicarious liability."). Because vicarious liability is inapplicable in a section 1983 suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Iqbal</u>, 129 S. Ct. at 1948.

Plaintiff alleges that William Stephens, as the former Director of TDCJ, did not respond to a letter Plaintiff sent to him complaining of his plight in prison. Plaintiff pleads no facts to indicate how Stephens violated his constitutional rights or had any personal involvement in his case. *See, e.g.*, <u>Widner v. Aguilar</u>, 398 F. App'x 976, 979-980 (5th Cir. 2010) (not selected for publication) (finding dismissal as frivolous proper where warden allegedly took no action in the grievance process and holding that plaintiff had no constitutionally protected interest in the investigation and processing of his grievances). Because Plaintiff fails to allege facts to indicate Director Williams' personal involvement in any constitutional violation, the claim against Director Williams will be dismissed.

7

### B. UTMB

Plaintiff alleges that UTMB failed to provide him with medication to prevent deep vein thrombosis (DVT) after his knee surgery. An inmate's dissatisfaction or disagreement with the medical treatment he received, or that the treatment was negligent or the result of medical malpractice, does not in itself state a claim for deliberate indifference in violation of the Eighth Amendment. *See, e.g.*, Wilson v. Seiter, 111 S. Ct. 2321, 2323 (1991) (assertions of inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim for deliberate indifference); Norton v. Dimazana, 122 F.3d 286, 291-92 (5th Cir.1997) (holding an inmate's dissatisfaction with the medical treatment he received does not mean that he suffered deliberate indifference); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (holding inmate's "disagreement with his medical treatment" was insufficient to show Eighth Amendment violation); Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1979).

Taking all of Plaintiff's allegations as true and construing his pleadings liberally in his favor, Plaintiff does not plead facts to indicate that any personnel at UTMB acted with deliberate indifference to his medical needs or that they were subjectively aware of a risk of serious harm and consciously disregarded that risk. At most, Plaintiff has stated a claim of negligence, malpractice, or disagreement with treatment, which are insufficient

8

to support a finding of deliberate indifference under the Eighth Amendment. *See* <u>Varnado</u>, 920 F.2d at 321; *see also* <u>Nunley v. Mills</u>, 217 F. App'x 322, 324 (5th Cir. 2007) (holding that being prescribed the wrong medication did "not support a finding of deliberate indifference under the Eighth Amendment"); <u>Fielder</u>, 590 F.2d at 107 (finding "[m]ere negligence, neglect, or medical malpractice is insufficient" to show Eighth Amendment violation). Accordingly, Plaintiff's claim against UTMB will be dismissed.

**C.  The Polunsky Defendants**

The Polunsky Unit is located in Livingston, Texas, in Polk County, which is in the Eastern District of Texas, Lufkin Division. *See* 28 U.S.C. § 124(c)(6). Venue for violations of Plaintiff's rights by the Polunsky prison officials is proper in the Eastern District of Texas, Lufkin Division, because a substantial part of the events or omissions giving rise to Plaintiff's claims allegedly occurred there. Therefore, the Court finds that the claims against the Polunsky Unit defendants should be transferred to the Eastern District of Texas, Lufkin Division, in the interests of justice and for the convenience of the parties and witnesses.

## III. ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion to Amend (Docket Entry No. 24) is **GRANTED**, and Plaintiff's Amended Complaint (Docket Entry No. 23) is now the live pleading in this case; it is further

**ORDERED** that Plaintiff's Motion for Appointment of Counsel (Docket Entry No. 25) is **DENIED** at this time. See Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). At a later time, if it appears that special circumstances exist that would prevent the Plaintiff from obtaining a meaningful hearing on colorable claims, a court may reconsider this issue *sua sponte*. See Naranjo v. Thompson, 809 F.3d 793, 803 (5th Cir. 2015); it is further

**ORDERED** that the claims against William Stephens are **DISMISSED**; it is further

**ORDERED** that Plaintiff's claims against UTMB are **DISMISSED**; it is further

**ORDERED** that the claims against the Polunsky Defendants Warden Harris, Correctional Officer McKinney, Correctional Officer LeBeau, Correctional Officer Croft, Captain Bolton, Sergeant Watson, Sergeant Damian, Correctional Officer Flack, Nurse Henry, Correctional Officer Gideon, Correctional Officer Parrot, Major Dickens, Correctional Officer Adams, Warden Hunter, and Dr. Nuygen are **SEVERED** and **TRANSFERRED** to the United States District Court for

the Eastern District of Texas, Lufkin Division, pursuant to 28 U.S.C. §§ 1391(b)(2), 1404(a).

The Clerk shall send a copy of this Order and the entire file to the United States District Court for the Eastern District of Texas, Lufkin Division, and provide a copy of this order to Plaintiff by mail with a delivery tracking system.

SIGNED at Houston, Texas, on this 15TH day of June, 2016.

*Ewing Werlein, Jr.*
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE